# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Randy Thomas, Gabrielle Thomas and Robert MacMichael ("Plaintiffs" or "Class Representatives"), on behalf of themselves and all others similarly situated, and Defendant Cleveland Brothers Equipment Company, Inc. ("Defendant" or "Cleveland Brothers") (collectively, the "Parties"), hereby enter into this Class Action Settlement Agreement and Release ("Settlement Agreement" or "Agreement"), subject to Court approval. As detailed below, this Settlement Agreement releases and forever discharges and bars all claims asserted (or that could have been asserted) in the class action lawsuit captioned, *In re: Cleveland Brothers Data Incident Litigation*, No. 1:23-cv-00501-JPW, currently pending in the United States District Court for the Middle District of Pennsylvania and any related actions.

## I.    RECITALS

**WHEREAS**, on June 7, 2023, Plaintiffs Randy Thomas, Gabrielle Thomas, and Robert MacMichael filed their consolidated putative class action Complaint against Cleveland Brothers in the United States District Court for the Middle District of Pennsylvania, asserting causes of action for (1) Negligence, (2) Breach of Implied Contract, and (3) Unjust Enrichment;

**WHEREAS,** the Parties participated in a mediation on January 25, 2024;

**WHEREAS**, in the consolidated class action Complaint (the "Complaint"), Class Representatives seek to certify the following classes affected by the Data Breach:

> **Nationwide Class:**
> "All individuals within the United States of America whose PII information was exposed to unauthorized third parties as a result of the data breach discovered on November 3, 2022."
>
> **Florida Subclass:**
> "All individuals within the State of Florida whose PII information was exposed to unauthorized third parties as a result of the data breach discovered on November 3, 2022."
>
> **Pennsylvania Subclass:**
> "All individuals within the State of Pennsylvania whose PII information was exposed to unauthorized third parties as a result of the data breach discovered on November 3, 2022."

**WHEREAS**, Cleveland Brothers denies liability, and Plaintiffs and Cleveland Brothers recognize the outcome of the Action and the claims asserted in the Complaint are uncertain, and that pursuing the Action to judgment would entail substantial cost, risk and delay;

**WHEREAS**, the Parties have explored and discussed at length the factual and legal issues in the Action and participated in a mediation with Bennett G. Picker of Stradley Ronon, concerning the issues raised by Plaintiffs in the Action, and have agreed to a global, final settlement of the Action that renders the need for further litigation unnecessary;

**WHEREAS**, the Parties desire to compromise and settle all issues, claims, and/or facts asserted in the Action, or that could have been asserted based upon the facts alleged in the Action, by or on behalf of Class Representatives and the Classes;

**WHEREAS**, Class Representatives, by and through Class Counsel, have (a) made a thorough investigation of the facts and circumstances surrounding the allegations asserted in the Action, (b) engaged in investigation of the claims asserted in the Action, including informal discovery obtained by Class Representatives in connection with the Action and prior to execution of this Agreement, and (c) evaluated and considered the law applicable to the claims asserted in the Action, including the defenses that Cleveland Brothers likely would assert;

**WHEREAS**, Plaintiffs' counsel are experienced in this type of class litigation, recognize the costs and risks of prosecution of this Action, and believe that it is in Class Representatives' interest, and the interest of all Class Members, to resolve this Action, and any and all claims against Cleveland Brothers arising from the conduct alleged in the Action, and in this Settlement Agreement;

**WHEREAS**, Cleveland Brothers does not believe Class Representatives' claims are meritorious and has denied and continues to deny any and all claims alleged by Class Representatives, and has denied and continues to deny that it is legally responsible or liable to Class Representatives or any member of the Classes for any of the matters and/or claims asserted in this Action, but has concluded that settlement is desirable to avoid the time, expense, inherent uncertainties of defending protracted litigation and to resolve, finally and completely, all pending and potential claims of Class Representatives and all members of the Classes relating to claims which were or could have been asserted by Class Representatives and the Classes in this Action relating to the alleged practices and Data Breach at issue;

**WHEREAS**, significant arm's-length settlement negotiations have taken place between the Parties, including a formal mediation presided over by a well-regarded third-party neutral, and, as a result, this Settlement Agreement has been reached without collusion, subject to the Court-approval process set forth herein;

**WHEREAS**, the undersigned Parties believe this Settlement Agreement offers significant benefits to Class Members and is fair, reasonable, adequate and in the best interest of Class Members; and

**WHEREAS**, this Settlement Agreement is made and entered into by and between Class Representatives, individually and on behalf of the Classes, and Cleveland Brothers;

**NOW, THEREFORE**, it is hereby stipulated and agreed, by and between the Parties, as follows:

## II.    DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the meanings set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1.    "Action" means the case lawsuit captioned, *In re: Cleveland Brothers Data Incident Litigation*, Case No. 1:23-cv-00501-JPW, currently pending in the United States District Court for the Middle District of Pennsylvania.

2.    "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. Sec. 1711, et seq. ("CAFA"), to be served upon the appropriate State official in each State where Class Member resides and the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid by Defendant from the Settlement Fund.

3.    "Class" and "Settlement Class" means the Nationwide Class of all individuals within the United States of America whose personally identifiable information ("PII") was exposed to unauthorized third parties as a result of the data breach discovered on November 3, 2022.

Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Action, any members of the Judge's respective staffs, and immediate members of the Judge's respective families, (2) officers, directors, members and shareholders of Defendant, (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class; (4) the successors and assigns of any such excluded persons, and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Breach or who pleads nolo contendere to any such charge.

4.    "Class Counsel" means Laura Van Note of Cole & Van Note, and David Lietz of Milberg Coleman Bryson Phillips Grossman PLLC.

5.    "Claims Administration" means the processing of payments to Settlement Class Members by the Settlement Administrator.

6.    "Claim Deadline" means ninety (90) days from the Class Notice Date, or a date otherwise ordered by the Court.

7.    "Claim Form" means the form a Settlement Class Member must submit to submit a claim under this Agreement, substantially similar to **Exhibit A**.

8.    "Class Members" and "Settlement Class Members" mean members of the "Class" and "Settlement Class" as set forth in Paragraph 2 above.

9.      "Class Notice" means the Court-approved forms of Notice to the Class posted on the Settlement Website substantially similar to **Exhibit B** hereto, informing the Classes of, among other things, (i) the preliminary approval of the Settlement, (ii) the scheduling of the Final Approval Hearing, (iii) the Settlement benefits available to Final Settlement Class Members, and (iv) their opportunity to participate in, object to or exclude themselves from the Settlement.

10.      "Class Notice Date" means thirty (30) calendar days after the Court's entry of the Preliminary Approval Order.

11.      "Class Representatives" or "Plaintiffs" means Randy Thomas, Gabrielle Thomas and Robert MacMichael.

12.      "Cleveland Brothers" means Cleveland Brothers Equipment Company, Inc.

13.      "Court" the United States District Court for the Middle District of Pennsylvania and the Honorable Jennifer P. Wilson or such other judge to whom the Action may hereafter be assigned.

14.      "Data Breach" means the data incident first discovered by Defendant on or about November 3, 2022, and announced by Defendant on about February 17, 2023.

15.      "Defendant's Counsel" means Jill H. Fertel and Ernest F. Koschineg of Cipriani & Werner.

16.      Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement in the Action shall become effective and final, and occurs when the Final Approval Order, as defined in Paragraph 18 below, has been entered and all times to appeal therefrom have expired with (1) no appeal or other review proceeding having been commenced; or (2) an appeal or other review proceeding having been commenced, and such appeal or other review having been concluded such that it is no longer subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been resolved in a manner that affirms the Final Judgment in all material respects. The Effective Date shall not be altered in the event the Court declines to approve, in whole or in part, the Attorneys' Fees and Expenses Award or the Incentive Awards.  Further, the Effective Date shall not be altered in the event that an appeal is filed with the sole issue(s) on appeal being the Attorneys' Fees and Expenses Award and/or the Incentive Award.

17.      "Final Approval Hearing" means the hearing at which the Court will consider and finally decide whether to enter the Final Approval Order and at which the Court may or may not consider and finally decide approving payment of any Service Award and Plaintiffs' Counsel's Fees and Expenses.

18.      "Final Approval Order" means the Final Approval Order and separate Judgment of the Court that approves this Settlement Agreement and make such other final rulings as are contemplated by this Settlement Agreement.

19.    "Final Settlement Class" refers to all members of the Settlement Classes who do not timely and validly exclude themselves from the Class in compliance with the exclusion procedures set forth in this Agreement.

20.    "Final Settlement Class Member" refers to a member of the Final Settlement Class.

21.    "Objection Date" means sixty (60) days from the Class Notice Date, or a date otherwise ordered by the Court, for members of the Classes to object to the Settlement Agreement's terms or Plaintiffs' Counsel's Fees and Expenses, and to submit any required statements, proof or other materials and/or argument.

22.    "Parties" means Plaintiffs and Defendant.

23.    "Plaintiffs' Counsel's Fees and Expenses" means an amount not to exceed one third of the gross settlement amount, or one hundred and fifty thousand dollars ($150,000), for attorneys' fees, plus Plaintiffs' counsel's reasonable litigation costs, to be paid from the Settlement Fund, subject to approval of the Court.

24.    "Preliminary Approval Order" means the order of the Court preliminarily approving this Settlement Agreement.

25.    "Released Claims" means the claims released by this Settlement Agreement, as set forth in Section IX.

26.    "Released Parties" means Cleveland Brothers, and its parents, subsidiaries, predecessors, successors, divisions, joint ventures, affiliates and related entities and all of its respective past and present directors, officers, employees, partners, principals, agents, attorneys, insurers, reinsurers, assigns and related or affiliated entities.

27.    "Request for Exclusion" means a timely and valid request by any Class Member for exclusion from the Settlement. To the extent any Class Member delivers both a timely and valid Claim Form to the Settlement Administrator and a timely and valid request for exclusion, the request for exclusion will be deemed to be invalid and the Claim Form will be processed.

28.    "Request for Exclusion Deadline" means sixty (60) days from the Class Notice Date, or a date otherwise ordered by the Court, for Class Members to request exclusion from the Settlement.

29.    "Service Award" means the amount to be paid to the Class Representatives to compensate them for the time and effort spent pursuing the Action on behalf of the Classes, subject to approval of the Court, and which shall not exceed an amount of two thousand five hundred dollars ($2,500) to each Class Representative. The Service Award shall to be paid from the Settlement Fund.

30.    "Settlement" and "Settlement Agreement" mean the agreement by the Parties to resolve this Action, the terms of which have been memorialized herein.

31.    "Settlement Administrator" means Postlethwaite & Netterville APAC ("P&N"), a company experienced in administering class action claims generally and specifically those of the type provided for in this Litigation, or, if P&N is not approved by the Court, such other company experienced in administering class action claims generally and specifically those of the type provided for in this Litigation that is jointly agreed upon by the Settling Parties and approved by the Court.

32.    "Settlement Website" means the website to be established by the Settlement Administrator that will inform members of the Settlement Class of the terms of this Settlement Agreement, their rights, dates and deadlines and related information, and shall include in .pdf format and available for download the following: (1) the Class Notice, (2) the Claim Form, (3) the Preliminary Approval Order, (4) this Settlement Agreement, (5) the Complaint, and (6) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide the members of the Settlement Class with the ability to complete and submit the Claim Form electronically.

## III.    REQUIRED EVENTS

33.    Class Counsel and Defendant's Counsel shall take all reasonable and necessary steps to obtain entry of the Preliminary Approval Order and obtain entry of the Final Approval Order. Class Counsel shall prepare and file all documents in connection with the Motion for Preliminary Approval and the Motion for Final Approval. Defendant's Counsel shall not oppose the Motion for Preliminary Approval and the Motion for Final Approval.

34.    In the event that the Court fails to issue the Preliminary Approval Order, or fails to issue the Final Approval Order, the Parties agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect(s) identified by the Court.

35.    The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Agreement is essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated here.

## IV.    SETTLEMENT TERMS

36.    <u>Cash Payment:</u> Cleveland Brothers agrees to pay Plaintiffs and the Classes four hundred and fifty thousand dollars ($450,000). The cash payment of four hundred and fifty thousand dollars ($450,000) will be referred to as the "Settlement Fund." No later than ten (10) calendar days after entry of the Preliminary Approval Order, and upon the receipt of sufficient payment information from the Settlement Administrator, Defendant will advance to the Settlement Administrator the estimated cost of preparing and transmitting the Notice to Class Members. The balance of the amount required by Defendant to be paid to the Settlement Administrator in connection with the Final Approval Order will be due within thirty (30) days of the Effective Date.

The Settlement Administrator shall establish a Qualified Settlement Fund (QSF), as defined by 26 C.F.R. 1.468B-1, for the deposit of the payment of the balance of the Settlement Fund. Under no circumstances will Cleveland Brothers have any further monetary payment obligation other than the payment of the Settlement Fund. There will be no reversion of the Settlement Fund to Cleveland Brothers.

37.    Payments from Settlement Fund: The costs of settlement administration, including notice and distributions to members of the Final Settlement Class, the costs of administrating the Settlement Fund, and reasonable fees of the Settlement Administrator, Plaintiffs' Counsel's Fees and Expenses and Class Representatives' Service Awards shall be paid exclusively from the Settlement Fund. There will be no reversion of the Settlement Fund to Cleveland Brothers.

38.    Service Awards to the Class Representatives: Class Counsel will move the Court for a Service Award payment from the Settlement Fund for the Class Representatives in an amount not to exceed two thousand five hundred dollars ($2,500) for each Class Representative, in recognition of the risks taken by them as the Class Representatives in commencing the Action, both financial and otherwise. Defendant will not oppose Class Counsel's request for Service Award payments from the Settlement Fund in these amounts. If awarded by the Court, the Settlement Administrator shall pay from the Settlement Fund the Service Awards to the Class Representatives in the manner directed by Class Counsel within ten (10) days after the Effective Date.

39.    Payment of Plaintiffs' Attorneys' Fees and Costs: Not less than fourteen (14) days prior to the Opt-Out and Objections deadlines, Class Counsel will move the Court for an award of Plaintiffs' Counsel's attorneys' fees to be paid from the Settlement Fund in an amount not to exceed one third of the total Settlement Fund, or one hundred and fifty thousand dollars ($150,000), plus reasonable litigation costs and expenses. Defendant will not oppose Class Counsel's request for reasonable attorneys' fees and litigation costs from the Settlement Fund in this amount. Class Counsel, in their sole discretion, shall allocate and distribute any amounts of attorneys' fees, costs and expenses awarded by the Court among Plaintiffs' counsel. If awarded by the Court, the Settlement Administrator shall pay from the Settlement Fund any Plaintiffs' Counsel's Fees and Expenses in the amounts awarded by the Court within ten (10) business days after the Effective Date.  Payment will be made as directed by Class Counsel.

40.    Payment of Valid Claims to Class Members: Each member of the Final Settlement Class who submits a timely and valid Claim Form shall be paid from the Settlement Fund in the manner outlined in the Claims Administration section below. As set forth below, the Settlement Fund will be used to pay for: (1) reimbursement for Out-of-Pocket Losses and Attested Time, or (2) alternative cash payments. Claims for Ordinary and/or Extraordinary Out-of-Pocket Losses and Attested Time will be paid first.  Alternative Cash Payments be paid last and will be increased or decreased pro rata to consume the remaining amount of the Settlement Fund after payment for notice and administration costs, service award payments approved by the Court, and attorney' fees and expenses awarded by the Court.

41.    CAFA Notice: Within ten (10) days of the filing of the Motion for Preliminary Approval, Cleveland Brothers shall provide notice to state Attorneys General or others as required by 28 U.S.C. § 1715(b).

## V.    CLAIMS PROCESS

42.    Members of the Final Settlement Class will be required to submit a Claim Form to receive a distribution payment from the Settlement Fund. Each Final Settlement Class Member is limited to the submission of one Claim Form and in no event shall a Final Settlement Class Member receive more than distribution. The Settlement Administrator will issue Settlement distributions only to Final Settlement Class Members who submit timely and valid Claim Forms. To be entitled to receive a distribution under this Agreement, Class Members must properly complete a Claim Form and timely deliver it to the Settlement Administrator within ninety (90) days from the Class Notice Date. The delivery date for submission of a Claim Form is deemed to be the date (a) the form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. Mail, or (b) in the case of submission electronically through the Settlement Website, the date the Settlement Administrator receives the form, as evidenced by the transmission receipt. Any Class Member who fails to submit a valid and timely Claim Form will not receive any payment under this Agreement.

43.    All Settlement Class Members may make claims under the Settlement Fund as set forth below:

### A.    Reimbursement for Out-of-Pocket Losses and Attested Time

All Settlement Class Members may submit a claim for Out-of-Pocket Losses and Attested Time up to five thousand dollars ($5000) per individual. Defendant will pay valid and timely submitted claims for each of the following categories:

i.    "Out-of-Pocket Losses" are unreimbursed costs or expenditures incurred by a Class Member in response to the Data Breach that were incurred between November 3, 2022 and the Claims Deadline, as result of the Data Breach. Ordinary Out-of-Pocket Losses may include, but are not limited to: unreimbursed costs, expenses or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Data Breach.

Settlement Class Members who elect to submit a claim for reimbursement of Ordinary Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address, (2) documentation supporting their claim, or (3) an attestation and a brief description of out-of-pocket expenses and how they were incurred. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive

reimbursement, but can be considered to add clarity to or support other submitted documentation

    ii.    "Attested Time" Settlement Class Members with Ordinary Out-of-Pocket Losses may also submit a claim for up to six (6) hours of time spent remedying issues related to the Data Breach at a rate of thirty-five dollars ($35) per hour. Settlement Class Members must provide an attestation and a brief description of (1) the actions taken in response to the Data Breach and (2) the time associated with each action ("Attested Time"). Reimbursement for Attested Time is included in the five thousand dollars ($5000) per person cap for Out-of-Pocket Losses.

Settlement Class Members seeking out-of-pocket expense reimbursement must complete and submit either a written or online claim form to the Claims Administrator, postmarked or electronically submitted on or before the Claims Deadline. The claim form must be verified by the Settlement Class Member with an attestation that the claimant believes that the losses or expenses claimed were incurred as a result of the Data Breach.

**B.  Alternative Cash Payments.**

Settlement Class Members may, in lieu of making a claim for reimbursement of Out-of-Pocket Losses and Attested Time, elect to receive a pro rata cash payment in an amount estimated to be approximately two hundred dollars ($200) by submitting a timely and valid claim form. . However, the amount of this alternative cash payment shall be pro rata increased or decreased based on the funds remaining in the Settlement Fund following the payment of Attorneys' Fees and Expenses Award, any Service Award, the Costs of Settlement Administration, and claims for Out-of-Pocket Losses.

44.    The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with bi-weekly reports informing them of any and all Claim Forms received by the Settlement Administrator during each week following the Class Notice Date. The Settlement Administrator must file a Declaration reporting on the mailing of the Class Notice and identifying the number of Claim Forms, Requests for Exclusion and objections received no later than sixteen (16) court days prior to the Final Approval Hearing.

45.    <u>Disbursement of Settlement Payments and Checks</u>: Within thirty (30) days of the Effective Date, the Settlement Administrator will disburse payments (either by electronic payment or check) for approved Claims to each Final Settlement Class Member who submits a timely and valid Claim Form. For any  check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator will make reasonable efforts to find a valid address, including skip tracing, and will resend any returned Settlement check within thirty (30) days after the Settlement check is returned to the Settlement Administrator as undeliverable.

46.    <u>Failure to Cash Settlement Checks</u>: Absent a demonstration of reasonable circumstances for excuse, any Settlement  check not cashed within one-hundred twenty (120) days

of issuance (based on the date of the check) will be deemed expired. Any member of the Final Settlement Class who does not cash their Settlement check within the aforementioned time period may petition the Settlement Administrator within thirty (30) days of the expiration of their uncashed check to reissue their Settlement check, and the Settlement Administrator will issue a new check. Members of the Final Settlement Class are entitled to only one petition on this basis, and any Settlement check reissued for such reasonable circumstances will expire within thirty (30) days of issuance (based on the date of the check). Final Settlement Class Members who do not timely cash their Settlement checks and who fail to petition for a reissuance of the uncashed Settlement check will be considered as having waived any right to a cash payment under the Settlement Agreement but will still be able to obtain other benefits provided by the Settlement. In no event will a Final Settlement Class Member be permitted to cash a check once the value of uncashed checks has been paid to a *cy pres* organization.

47.    <u>Payment of Uncashed Checks to a Cy Pres Organization (if necessary)</u>: The total amount of uncashed Settlement checks will be paid to a charitable organization to be agreed upon by Cleveland Brothers and Class Counsel and approved by the Court.

## VI.    **SETTLEMENT ADMINISTRATION**

48.    <u>Engagement of Settlement Administrator</u>: Promptly upon entry of the Preliminary Approval Order the Parties shall engage P&N as the Settlement Administrator, which shall be paid reasonable fees, exclusively from the Settlement Fund.

49.    <u>Class Member Information</u>:    No later than ten (10) days after entry of the Preliminary Approval Order, Cleveland Brothers shall provide the Settlement Administrator with Settlement Class Member information necessary for the Settlement Administrator to mail the Postcard Notice to Settlement Class Members.

50.    <u>Duties of Settlement Administrator</u>: In addition to other duties as set forth in this Agreement, the Settlement Administrator shall be solely responsible for the following:

      i.    Preparing, printing, and disseminating the Postcard Notice to Class Members;

      ii.    No later than the Class Notice Date, sending by First Class Mail the Postcard Notice to all known Class Members. The Parties agree to use their best efforts and to work cooperatively to obtain the best practicable Class Member contact information prior to the date of mailing of the first Postcard Notice. For those Postcard Notices that are returned as undeliverable with a forwarding address, the Settlement Administrator will forward the Postcard Notice to the new address.  For those Postcard Notices that are returned as undeliverable with no forwarding address, the Settlement Administrator will run a skip trace in an attempt to obtain a current address and re-mail Postcard Notices to any current addresses it locates;

      iii.    From the date of mailing of the first Postcard Notice, and thereafter for six (6) months after the Effective Date, maintaining (i) the Settlement Website, and (ii) a toll-free number with recorded answers to commonly asked settlement

questions, the ability to leave a message and request a call back, and reference to the Settlement Website;

iv.    Keeping track of Requests for Exclusion, including maintaining the original mailing envelope in which each request was mailed;

v.    Keeping track of Claim Forms, including maintaining the original mailing envelope in which each form was mailed;

vi.    Keeping track of objections, including maintaining the original mailing envelope in which each objection was mailed;

vii.    Keeping track of all other communications from Class Members, including maintaining the original mailing envelope in which any communication was mailed;

viii.    Maintaining adequate records of its activities, including the dates of each mailing of Class Notices, returned mail and other communications, and attempted written or electronic communications with Class Members;

ix.    Promptly furnishing to counsel for the Parties (i) copies of any Requests for Exclusion, (ii) copies of any objections, and (iii) all other written or electronic communications received from Class Members;

x.    Determining whether Requests for Exclusion comply with the terms of this Agreement and are timely and valid and effective to exclude the submitting Class Member from the Classes;

xi.    Determining whether Claim Forms comply with the terms of this Agreement and are timely and valid;

xii.    Promptly preparing and distributing any rejection of a Request for Exclusion to the submitting Class Member. Rejections shall set forth the reasons for rejection, including the reason(s) the Request for Exclusion fails to comply with the terms of this Agreement;

xiii.    Promptly preparing and distributing notices of deficiencies to the submitting Class Member that set forth the reasons their Claim Form is deficient, including the reason(s) the Claim Form fails to comply with the terms of this Agreement;

xiv.    Delivering to the Parties' counsel in a reasonably timely manner, but in no event later than sixteen (16) court days before the Final Approval Hearing, a written report concerning all Requests for Exclusion (valid and invalid), all Claim Forms (valid and deficient), and all objections;

xv.    Establishing a Qualified Settlement Fund (QSF), as defined by 26 C.F.R. 1.468B-1, for the deposit of the Settlement Fund payment, ensuring that all taxes associated with the administration of the Settlement Fund are timely paid

to the appropriate tax authorities and all tax filings are timely filed, which taxes shall be paid from the Settlement Fund;

xvi.    Determining the payment to each member of the Final Settlement Class who submits a valid and timely claim in accordance with this Agreement;

xvii.   Preparing a list of Final Settlement Class Members;

xviii.  No later than thirty (30) days after the Effective Date, distributing payments to each Final Settlement Class Member who submitted a timely and valid Claim Form by sending an electronic payment or check by First Class Mail to each such member in the amount of his or her approved claim;

xix.    No later than ten (10) days after the Effective Date, distributing any Service Award approved by the Court in the amount of the award approved by the Court to their attorneys of record;

xx.     No later than ten (10) days after the Effective Date, preparing and distributing, in accordance with this Agreement and the Final Approval Order, Plaintiff's counsel's reasonable attorneys' fees and costs as directed by Class Counsel; and

xxi.    Confirming in writing its completion of the administration of the Settlement.

51.    <u>Costs of Settlement Administration</u>: All expenses incurred in administering this Settlement Agreement, including, without limitation, the cost of the Postcard Notice, Settlement Website, and toll-free telephone line, the cost of distributing and administering the benefits of the Settlement Agreement, and the Settlement Administrator's reasonable fees shall be paid to the Settlement Administrator from the Settlement Fund, subject to the approval of the Court.

## VII.    **REQUESTS FOR EXCLUSION BY CLASS MEMBERS**

52.    Any Class Member may make a Request for Exclusion by mailing such request in writing to the Settlement Administrator at the address set forth in the Class Notice. Any Request for Exclusion must be postmarked no later than sixty (60) days after the Class Notice Date or such other date specified in the Court's Preliminary Approval Order. The Request for Exclusion shall (i) state the Class Member's full name and current address and signature, and (ii) specifically state his or her desire to be excluded from the Settlement and from the Final Settlement Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of the Settlement.

53.    Any Class Member who submits a timely Request for Exclusion may not make any objections to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

54.    The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a weekly report informing them of any Requests for Exclusion received by the Settlement Administrator during each week following the Class Notice Date. The Settlement Administrator must provide Class Counsel with a declaration identifying all Class Members who

requested exclusion from the Settlement and indicating those requests that were untimely no later than sixteen (16) court days prior to the Final Approval Hearing. Class Counsel will file with the Court and serve Cleveland Brothers with the declaration along with their motion for final approval of the Settlement.

55.     No party will solicit or encourage Requests for Exclusion. Any attempt to do so by Plaintiffs or Defendant will be deemed a breach of this Settlement Agreement.

## VIII.    OBJECTION TO SETTLEMENT BY CLASS MEMBERS

56.     Any Class Member may make an objection to the proposed Settlement by mailing a letter to the Settlement Administrator at the address set forth in the Class Notice. Any objection to be considered valid must be mailed and postmarked no later than the Objection Date, i.e., sixty (60) days from the Class Notice Date. Class Counsel must file all objections with the Court, with service to counsel for all parties, not later than fourteen (14) days after the Objection Deadline. Any Class Member who has submitted a Request for Exclusion may not submit any objections or speak at the Final Approval Hearing.

57.     To state a valid objection to the Settlement, an objecting Class Member must mail a letter to the Settlement Administrator setting forth all of the following information in writing: (i) the objector's full name, current address, current telephone number, and be personally signed, (ii) the case name and case number, *In re: Cleveland Brothers Data Incident Litigation,* Case No. 1:23-cv-00501-JPW, currently pending in the United States District Court for the Middle District of Pennsylvania, (iii) documentation sufficient to establish membership in one of the Classes, such as a copy of the Postcard Notice he or she received, (iv) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s), (v) copies of any other documents that the objector wishes to submit in support of his/her position, (vi) whether the objecting Class Member intends to appear at the Final Approval Hearing, and (v) whether the objecting Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

58.     Subject to approval of the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court. By this provision, the Parties are not waiving and are expressly preserving their right to contest any appearance by an objector on any grounds, or from asserting any and all other potential defenses and privileges to any such appearance.

59.     The agreed-upon procedures and requirements for submitting objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Class Members. The Preliminary Approval Order and Class Notice will require all Class Members who have any objections to submit the objections to the Settlement Administrator at the address set forth in the Class Notice, by no later than the Objection Date.

60.     Class Counsel will defend the Court's Final Approval Order and any related orders in the event of an appeal.

## IX.    RELEASE OF CLAIMS

61.    Plaintiffs and Class Members who fail to timely make a Request for Exclusion from the Settlement release Defendant and Released Parties from any and all claims or causes of action which the Plaintiffs or any Class Member has against Defendant or the Released Parties as well as any and all claims, causes of action, damages, penalties, attorneys' fees, costs, and any other form of relief or remedy in law, equity, of whatever kind or nature and for any relief whatsoever, including monetary, injunctive, or declaratory relief, whether direct or indirect for any acts that were pled or could have been pled in the Action based on the facts, subject matter, or the factual or legal allegations in the Complaint, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law ("Released Claims").

62.    Upon the Effective Date, Cleveland Brothers shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' counsel of all claims based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for enforcement of the Settlement Agreement and except as to Class Members who submit a timely and valid Request for Exclusion from the Settlement.

63.    This Settlement Agreement does not affect the rights of Class Members who submit a timely and valid Request for Exclusion from the Settlement.

64.    Upon issuance of the Final Approval Order (i) the Settlement Agreement shall be the exclusive remedy for any and all Class Members, except those who have opted out in accordance with the provisions hereof, (ii) Defendant and Released Parties shall not be subject to liability or expense of any kind to any Class Member(s) for reasons related to the Action except as set forth herein, and (iii) Class Members shall be permanently barred from initiating, asserting or prosecuting any and all Released Claims against Defendant and Released Parties.

## X.    REPRESENTATIONS, WARRANTIES, AND COVENANTS

65.    Class Counsel represents and warrants that they have the authority, on behalf of Plaintiffs, to execute, deliver and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby. This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal, valid and binding obligation.

66.    Cleveland Brothers, through its undersigned attorneys, represents and warrants that it has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby. The execution, delivery and performance by Cleveland Brothers of this Settlement Agreement and the consummation by it of the actions contemplated hereby have been duly authorized by Cleveland Brothers. This Settlement Agreement has been duly and validly executed and delivered by Cleveland Brothers and constitutes its legal, valid and binding obligation.

## XI.    MISCELLANEOUS PROVISIONS

67.    This Settlement Agreement is not to be used in evidence (except in connection with obtaining approval of this Settlement Agreement and enforcing its terms) and shall not at any time be construed or deemed to be any admission or concession by Cleveland Brothers with respect to any alleged wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein. Cleveland Brothers specifically denies all of the allegations made in connection with the Action. Neither this Settlement Agreement nor any class certification pursuant to it shall constitute, in this or in any other proceeding, an admission by Cleveland Brothers, or evidence or a finding of any kind, that any requirement for class certification is satisfied with respect to the Action, or any other litigation, except for the limited purpose of settlement pursuant to this Settlement Agreement. This Settlement Agreement also is made with the Parties' express understanding and agreement that if for any reason this Settlement is not approved by the Court, Cleveland Brothers may continue to contest and deny that any class, including the proposed Settlement Class, is suitable for certification as a class under the law of any jurisdiction.

68.    This Settlement Agreement is entered into only for purposes of Settlement. In the event that the Final Approval Order is not entered, or a Final Approval Order is subsequently reversed on appeal, the Parties agree to use their best efforts to cure any defect(s) identified by the Court. If, despite their best efforts, the Parties cannot cure said defects, this Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions, shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Action, and all Parties shall be restored to their prior rights and positions as if the Settlement Agreement had not been entered into.

69.    The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

70.    Capitalized words, terms and phrases are used as defined in Section II, above.

71.    This Settlement Agreement may not be modified or amended except in writing and signed by all of the Parties.

72.    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

73.    Except as otherwise provided in this Settlement Agreement, each Party shall bear his, her or its own costs of the Action.

74.    The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement, as well as to correct any inadvertent, non-substantive mistakes or typographical errors contained in any of the Settlement papers.

75.     The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the release. The Final Approval Order will provide that the Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of this Settlement Agreement, including, but not limited to, orders enjoining Class Members from prosecuting claims that are released pursuant to this Settlement Agreement as provided herein, and allowing for discovery related to objectors, if any.

76.     The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

77.     This Settlement Agreement constitutes the entire, fully integrated agreement among the Parties and cancels and supersedes all prior written and unwritten agreements and understandings pertaining to the Settlement of the Action.

78.     The Parties agree that any unresolved disputes regarding the meaning of the terms and conditions of this Settlement Agreement, the Parties' rights and obligations under this Settlement Agreement, and/or as to any disagreement regarding the manner in which any issue or dispute arising under this Settlement Agreement should be resolved, shall be submitted to the Court for resolution.

79.     All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Agreement or by order of the Court, the day of the act, or default, from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period shall run until the end of the next day that is not one of the aforementioned days. Each of the Parties reserves the right, subject to the Court's approval, to seek any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement, and to modify or supplement any notice contemplated hereunder.

80.     Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this Agreement shall not be deemed a waiver of any provision of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions herein.

81.     All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

For Class Counsel:

Laura Grace Van Note
**Cole & Van Note**
555 12th Street, Suite 2100
Oakland, CA 94607
Telephone: 510-891-9800
Email: lvn@colevannote.com

David K. Lietz
**Milberg Coleman Bryson Phillips
Grossman PLLC**
5335 Wisconsin Avenue NW, Suite 440
Washington, DC 20015
Telephone: 866-252-0878
Email: dlietz@milberg.com

For Cleveland Brothers:

Ernest F. Koschineg
**Cipriani & Werner**
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
Telephone: 610-567-0700
Email: ekoschineg@c-wlaw.com

Jill H. Fertel
**Cipriani & Werner, P.C.**
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
Telephone: 610-567-0700
Email: jfertel@c-wlaw.com

**[SIGNATURES ON FOLLOWING PAGE]**

IN WITNESS WHEREOF, Plaintiffs and Cleveland Brothers, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated: 3/13/2024

ID gQhf2gYXSaUa1zS3269HwnZ5
Robert MacMichael
Plaintiff

Dated: 3/13/2024

*Laura Van Note*
ID cmVjX36VwykfYmuQokuRKvZU
Laura Van Note, Esq.
Cole & Van Note
Attorneys for Robert MacMichael

Dated: _____

_____
Randy Thomas
Plaintiff

Dated: _____

_____
Gabrielle Thomas
Plaintiff

For Class Counsel:

Laura Grace Van Note
**Cole & Van Note**
555 12th Street, Suite 2100
Oakland, CA 94607
Telephone: 510-891-9800
Email: lvn@colevannote.com

David K. Lietz
**Milberg Coleman Bryson Phillips Grossman PLLC**
5335 Wisconsin Avenue NW, Suite 440
Washington, DC 20015
Telephone: 866-252-0878
Email: dlietz@milberg.com

For Cleveland Brothers:

Ernest F. Koschineg
**Cipriani & Werner**
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
Telephone: 610-567-0700
Email: ekoschineg@c-wlaw.com

Jill H. Fertel
**Cipriani & Werner, P.C.**
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
Telephone: 610-567-0700
Email: jfertel@c-wlaw.com

**[SIGNATURES ON FOLLOWING PAGE]**

IN WITNESS WHEREOF, Plaintiffs and Cleveland Brothers, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated:_____    _____
                                  Robert MacMichael
                                  Plaintiff

Dated:_____    _____
                                  Laura Van Note, Esq.
                                  Cole & Van Note
                                  Attorneys for Robert MacMichael

Dated: 03/13/2024                 _____
       _____    Randy & Gabrielle Thomas (Mar 13, 2024 12:27 EDT)
                                  Randy Thomas
                                  Plaintiff

Dated: 03/13/2024                 _____
       _____    Randy & Gabrielle Thomas (Mar 13, 2024 12:27 EDT)
                                  Gabrielle Thomas
                                  Plaintiff

Dated:_____3/13/2024_____        *David K. Lietz*
                                     _____
                                     David K. Lietz, Esq.
                                     Milberg Coleman Bryson Phillips Grossman PLLC
                                     Attorneys for Randy Thomas and Gabrielle Thomas

Dated:____3/14/2024____              *Joseph J. Lundy*
                                     _____
                                     Name:___JOSEPH  J. LUNDY____
                                     As the Duly Authorized Corporate Representative of
                                     Defendant Cleveland Brothers Equipment Company, Inc.

                                     *Jill*

Dated:_____3/14/2024_____        Jill H. Fertel, Esq
                                     Cipriani & Werner
                                     Attorneys for Defendant Cleveland Brothers Equipment
                                     Company, Inc.

# Exhibit A

Cleveland Brothers Data Security Incident
Claims Administrator

[ADD ADDRESS and WEBSITE]

**Your Claim Form Must Be Submitted
Electronically or Postmarked by [ADD
DATE]**

*In re: Cleveland Brothers Data Incident Litigation*
No. 1:23-cv-00501, United States District Court for the Middle District of Pennsylvania

<u>**SETTLEMENT PAYMENT CLAIM FORM**</u>

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE RECEIVED ONLINE AT [INSERT
WEBSITE] OR POSTMARKED NO LATER THAN [INSERT DATE].**

**ATTENTION**: This Claim Form is to be used to apply for relief related to the Data Breach that was
discovered on November 3, 2022, and potentially affected customers of Cleveland Brothers Holdings, Inc.
("Cleveland Brothers" or "Defendant"). All Settlement Class Members are eligible to receive: (i) up to
five thousand ($5000) dollars reimbursement of out-of-pocket losses that are reasonably traceable to the
Data Breach, including attested time or (ii) an alternative pro rata cash payment estimated to be two
hundred dollars ($200).

To submit a Claim, you must have been identified as a potential Settlement Class Member from Defendant
Cleveland Brother's business records and received Notice of this Settlement with a **unique Claim
Number**.

You may apply to be reimbursed for your documented Out-of-Pocket Losses and Attested Time or, in the
alternative, apply for an alternative cash payment. Out-of-Pocket Losses consist of actual out-of-pocket
losses, up to five thousand dollars ($5000), including for time spent remedying identity theft or fraud,
including misuse of personal information, credit monitoring or freezing credit reports at thirty-five dollars
($35) for up to six (6) hours. You may be reimbursed for six (6) hours of lost time by attesting it was spent
remedying the issues related to the Data Breach.

In the alternative to being reimbursed for your Ordinary Losses and/or Extraordinary Losses, you may
simply make a claim for a pro rata cash payment estimated to be two hundred dollars ($200).

**PLEASE BE ADVISED** that any documentation you provide in support of your Out-of-Pocket Losses
claim must be submitted **WITH** this Claim Form.  No documentation is required for claiming Attested
Time or the Alternative Cash Payment.

**CLAIM VERIFICATION:** All Claims are subject to verification. You will be notified if additional
information is needed to verify your Claim.

**ASSISTANCE:** If you have questions about this Claim Form, please visit the Settlement website at
[INSERT] for additional information or call [INSERT PHONE NUMBER].

**PLEASE KEEP A COPY OF YOUR CLAIM FORM AND PROOF OF MAILING FOR YOUR
RECORDS.**

1

**Failure to submit required documentation, or to complete all parts of the Claim Form, may result in denial of the claim, delay its processing, or otherwise adversely affect the claim.**

## **REGISTRATION**

First Name:               MI:     Last Name:

Mailing Address:

City:                             State:     ZIP Code:

Telephone Number:

Email Address:

**Please provide the Claim Number identified in the Notice that was emailed to you:**

*Instructions. Please follow the instructions below and answer the questions as instructed.*

## **CLAIM INFORMATION**

*Section A. Confirm Your Eligibility*

**Did you receive a unique Claim Number indicating that you may be a member of the Settlement Class**?

☐ Yes ☐ No

> *If yes, continue to the next question. If no, you are not a member of the Settlement Class and do not qualify to file a Claim.*

*Section B. Part 1 - Reimbursement for Documented Out-of-Pocket Losses*

If you suffered costs or expenditures in response to the Data Breach, you may be eligible to receive a payment to compensate you for losses.

If it is verified that you meet all the criteria described in the Settlement Agreement and you submit the dollar amount of those losses, you will be eligible to receive a payment compensating you for your losses of up to five thousand dollars (**$5000**).

Examples of what can be used to prove your losses include: receipts, account statements, etc. You may also prove losses by submitting information on the claim form that describes the expenses and how they

2

were incurred.

Providing adequate proof of your losses does not guarantee that you will be entitled to receive the full amount claimed. All Claims will also be subject to an aggregate maximum payment amount, as explained in the Settlement Agreement. If the amount of losses claimed exceeds the maximum amount of money available under the Settlement Agreement, then the payment for your Claim will be reduced on a pro rata basis. If you would like to learn more, please review the Settlement Agreement for further details.

Payment for your losses will be paid directly to you electronically unless you request to be paid by check as indicated below.

**Did you suffer any financial expenses or other financial losses that you believe was as a result of the Data Breach or did you spend time remedying the issues related to the Data Breach? For example, did you sign up and pay for a credit monitoring service, hire and pay for a professional service to remedy identity theft, etc., or spend time monitoring credit, resolving disputes for unauthorized transactions, freezing or unfreezing your credit, remedying a falsified tax return, etc. as a direct result of or attributed to the Data Breach?**

☐ Yes ☐ No

> *If yes, you may be eligible to fill out the rest of this form and provide corroborating documentation.*

For each loss that you believe can be traced to the Data Breach, please provide a description of the loss, the date of the loss, the dollar amount of the loss, and the type of documentation you will be submitting to support the loss. **You must provide this information for this Claim to be processed**. Supporting documentation must be submitted alongside this Claim Form. **If you fail to provide sufficient supporting documents, the Settlement Administrator will deny your Claim.** Please provide only copies of your supporting documents and keep all originals for your personal files. The Settlement Administrator will have no obligation to return any supporting documentation to you. A copy of the Settlement Administrator's privacy policy is available at [Insert Website]. With the exception of your name, mailing address, email address, and phone number, supporting documentation will not be provided to Defendant in this action. Please do not directly communicate with Cleveland Brothers regarding this matter. All inquiries are to be sent to the Claims Administrator.

Examples of Ordinary Out-of-Pocket Losses may include, but are not limited to: unreimbursed costs, expenses or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Data Breach.

Examples of documentation include receipts for identity theft protection services, etc.

| Description of the Loss | Date of Loss | Amount | Type of Supporting Documentation |
|---|---|---|---|
| Example: Unauthorized credit card charge | 0 7 - 1 7 - 2 0<br>MM    DD    YY | $50.00 | Letter from Bank |
| Example: Fees paid to a professional to remedy a falsified tax return | 0 2 - 3 0 - 2 1<br>MM    DD    YY | $25.00 | Copy of the professional services bill |

| | MM - DD - YY | $ □□□□ · □□ | |
|---|---|---|---|
| | MM - DD - YY | $ □□□□ · □□ | |
| | MM - DD - YY | $ □□□□ · □□ | |
| | MM - DD - YY | $ □□□□ · □□ | |
| | MM - DD - YY | $ □□□□ · □□ | |
| | MM - DD - YY | $ □□□□ · □□ | |
| | MM - DD - YY | $ □□□□ · □□ | |
| | MM - DD - YY | $ □□□□ · □□ | |
| | MM - DD - YY | $ □□□□ · □□ | |
| | MM - DD - YY | $ □□□□ · □□ | |
| | MM - DD - YY | $ □□□□ · □□ | |

<u>By checking the below box, I hereby declare under penalty of perjury that the information provided in this Claim Form to support relief for Ordinary Losses is true and correct.</u>

□ **Yes, I understand that I am submitting this Claim Form and the affirmations it makes as to my seeking relief for Attested Time under penalty of perjury. I further understand that my failure to check this box may render my Claim for Ordinary Losses null and void.**

### *Section B. Part 2 - Reimbursement for Attested Time*

If you spent time remedying the Data Breach, you may be eligible to receive a payment to compensate you for time. Up to five (5) hours of lost time may be reimbursed if you provide an attestation as to the time you spent remedying issues related to the Data Breach.

If you spent time remedying issues related to the Data Breach, please list the number of hours you spent here:_____.

<u>By checking the below box, I hereby declare under penalty of perjury that the information provided in this Claim Form to support relief for Attested Time is true and correct.</u>

□ **Yes, I understand that I am submitting this Claim Form and the affirmations it makes as to my seeking relief for Attested Time under penalty of perjury. I further understand that my failure to check this box may render my Claim for Attested Time null and void.**

4

*Section C. Alternative Cash Payment*

In the alternative to compensation for Out-of-Pocket Losses and Attested Lost Time, you may simply make a claim for a cash payment estimated to be two hundred dollars ($200).

The amount of this cash payment may increase or decrease depending upon the number of claims made.

By checking the below box, I choose a cash payment of two hundred dollars ($200) in the alternative to compensation for Ordinary Losses and Attested Time and/or Extraordinary Losses.

☐ **Yes, I choose a cash payment of two hundred dollars ($200) in the alternative to compensation for Out-of-Pocket Losses and Attested Time.**

*Section D. Payment*

**Please select the manner in which payment will be issued for your valid Claims.**

- PayPal*:        ☐ _____ (PayPal Email Address)
- Venmo*:        ☐ _____ (Venmo Email Address)
- Zelle*:         ☐ _____ (Zelle Email Address)
- Paper Check via  ☐
  Mail:
                          _____ (Mailing Address)

*If you select payment via PayPal, Venmo or Zelle, the email address entered on this form will be used to process the payment to your account linked to that email address.

*Section E. Settlement Class Member Affirmation*

By submitting this Claim Form and checking the box below, I declare that I received notification from Cleveland Brothers that I have been identified as a potential Settlement Class Member. As I have submitted claims of losses due to the Data Breach, I declare that I suffered these losses.

I understand that my Claim and the information provided above will be subject to verification.

By submitting this Claim Form, I certify that any documentation that I have submitted in support of my Claim consists of unaltered documents in my possession.

☐ **Yes, I understand that my failure to check this box may render my Claim null and void.**

Please include your name in both the Signature and Printed Name fields below.

Signature: _____

Print Name: _____

Date: _____

5

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE MAILED BY OR
RECEIVED ONLINE AT [INSERT WEBSITE]
NO LATER THAN [INSERT CLAIMS DEADLINE]**

# EXHIBIT B

## NOTICE OF CLASS ACTION SETTLEMENT

United States District Court for the Middle District of Pennsylvania
*In re: Cleveland Brothers Data Incident Litigation*
Case No. 1:23-cv-00501

**To:**   All individuals within the United States of America whose personally identifiable information (PII) was exposed to unauthorized third parties as a result of the data breach discovered on November 3, 2022.

A proposed settlement has been reached in the class action lawsuit titled, *In re: Cleveland Brothers Data Incident Litigation.*, No. 1:23-cv-00501 (the "Lawsuit"). The Lawsuit asserts claims against Defendant Cleveland Brothers Equipment Company, Inc ("Defendant" or "Cleveland Brothers") related to a data breach discovered on November 3, 2022, about which Defendant notified potentially impacted individuals on or about February 17, 2023 (the "Data Breach"). Defendant denies all claims asserted in the Lawsuit and denies that it did anything wrong.

The Settlement offers payments to members of the Settlement Class. Certain of the amounts paid will depend upon how many people submit valid claims but initially are set at the following amounts:

(1)   <u>Documented Out-of-Pocket Losses and Attested Time:</u> reimbursement of up to five thousand dollars **($5000)** for any documented out-of-pocket losses, including attested time spent remedying issues related to the Data Breach at a rate of thirty-five dollars **($35) per hour, for up to six (6)** hours; or

(2)   <u>Alternative Cash Payment:</u> in the alternative to payments for Documented Out-of-Pocket Losses and Attested Time, the Settlement provides for a pro rata cash payment estimated to be two hundred dollars **($200)**.

If you are a Settlement Class Member, your options are:

| | |
|---|---|
| **SUBMIT A CLAIM FORM DEADLINE:** _____ | You must submit a valid claim form to receive a payment from this Settlement. |
| **DO NOTHING** | You will receive no payment and will no longer be able to sue Defendant over the claims resolved in the Settlement. |
| **EXCLUDE YOURSELF DEADLINE:** _____ | You may exclude yourself from this Settlement and keep your right to sue separately. If you exclude yourself, you will receive no payment. Exclusion instructions are provided in this Notice. |
| **OBJECT DEADLINE:** _____ | If you do not exclude yourself, you may write to the Court to comment on or detail why you do not like the Settlement by following the instructions in this Notice. The Court may reject your objection. You must still file a claim if you desire any monetary relief under the Settlement. |

The Court must give final approval to the Settlement before it takes effect, but has not yet done so. No payments will be made until after the Court gives final approval and any appeals are resolved.

1

**Please review this Notice carefully.** You can learn more about the Settlement by visiting **www._____.com** or by calling 1-800-XXX-XXXX.

## Further Information about this Notice and the Lawsuit

*1.    Why was this Notice issued?*

Settlement Class Members are eligible to receive payment from a proposed Settlement in the Lawsuit. The Court overseeing the Lawsuit authorized this Notice to advise Settlement Class Members about the proposed Settlement that will affect their legal rights. This Notice explains certain legal rights and options Settlement Class Members have in connection with the Settlement.

*2.    What is the Lawsuit about?*

The Lawsuit is a proposed class action lawsuit brought on behalf of the Nationwide Class of all individuals within the United States of America whose PII was exposed to unauthorized third parties as a result of the Data Breach discovered on November 3, 2022.

The Lawsuit claims Defendant is legally responsible for the Data Breach and asserts various legal claims including negligence, breach of implied contract, and unjust enrichment. Defendant denies these claims and denies that it did anything wrong.

*3.    Why is the Lawsuit a class action?*

In a class action, one or more representative plaintiffs bring a lawsuit on behalf of others who have similar claims. Together, all these people are the "Class" and each individual is a "Class Member." There are three Representative Plaintiffs in this case: Randy Thomas, Gabrielle Thomas, and Robert MacMichael. The Class in this case are referred to in this Notice as the "Settlement Class."

*4.    Why is there a Settlement?*

The Representative Plaintiffs in the Lawsuit, through their attorneys, investigated the facts and law relating to the issues in the Lawsuit. The Representative Plaintiffs and Class Counsel believe that the Settlement is fair, reasonable, and adequate and will provide substantial benefits to the Settlement Class. The Court has not decided whether Representative Plaintiffs' claims or Defendant's defenses have any merit, and it will not do so if the proposed Settlement is approved. By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will receive compensation. The Settlement does not mean that Defendant did anything wrong, or that the Representative Plaintiffs and the Settlement Class would or would not win the case if it were to go to trial.

## Terms of the Proposed Settlement

*5.    Who is in the Settlement Class?*

The Settlement Class is defined is defined by the Court as "all individuals within the United States of America whose PII information was exposed to unauthorized third parties as a result of the data breach discovered on November 3, 2022."

Excluded from the Settlement Class are: (i) the Judge presiding over the Lawsuit, any members of the Judge's staff, and immediate members of the Judge's respective family, (ii) officers, directors, members and shareholders of Defendant, (iii) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class(es), (iv) the successors and assigns of any such excluded persons, and (v) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Breach or who pleads *nolo contendere* to any such charge.

6.    *What are the terms of the Settlement?*

The proposed Settlement would create a non-reversionary Settlement Fund of four hundred and fifty thousand dollars ($450,000) that would be used to pay all costs of the Settlement, including: (i) payments to Settlement Class Members who submit valid claims, (ii) costs of administration and notice, (iii) any attorneys' fees and costs awarded by the Court to Class Counsel (not to exceed one third of the total Settlement Fund, or one hundred and fifty thousand dollars ($150,000) in attorneys' fees, plus litigation costs and expenses), and (iv) any service awards to the Representative Plaintiffs awarded by the Court (not exceed an amount of two thousand five hundred dollars ($2,500) to each Class Representative). The Settlement also releases all claims or potential claims of Settlement Class Members against Defendant arising from or related to the Data Breach, as detailed in the Class Settlement Agreement and Release.

7.    *What claims are Settlement Class Members giving up under the Settlement?*

Settlement Class Members who do not validly exclude themselves from the Settlement will be bound by the Class Settlement Agreement and Release and any final judgment entered by the Court and will give up their right to sue Defendant for the claims being resolved by the Settlement, including all claims or potential claims of Settlement Class Members against Defendant arising from or related to the Data Breach. The claims that Settlement Class Members are releasing are described in the Class Settlement Agreement and Release.

## **Payments to Settlement Class Members**

8.    *What kind of payments can Settlement Class Members receive?*

Settlement Class Members who submit valid claims and any required documentation may receive one or more of the following, to be paid from the Settlement Fund: (i) Documented Out-of-Pocket Losses and Attested Time: reimbursement of up to five hundred dollars ($5000) for any documented out-of-pocket losses, including attested time spent remedying issues related to the Data Breach at a rate of thirty-five dollars ($35) per hour, for up to six (6) hours, or (ii) a pro rata Cash Payment estimated to be two hundred dollars ($200) in the alternative to awards for Documented Out-of-Pocket Losses and Attested Time.

Depending on how many valid claims are submitted, the amounts of the Alternative Cash Payment will be adjusted upward or downward proportionally among Settlement Class Members submitting valid claims for those awards, as explained further below in Question 11.

9. *What are Documented Out-of-Pocket Losses and Attested Time?*

<u>Documented Out-of-Pocket Losses, including Attested Time:</u> Settlement Class Members who, at any time from November 3, 2022 and the Claims Deadline, suffered from are unreimbursed costs or expenditures as result of the Data Breach Incident or spent time remedying the issues related to the Data Breach, are eligible to receive up to $5000 as reimbursement for those charges and expenses. All Settlement Class Members may submit a claim for Documented Out-of-Pocket Losses and Attested Time up to five hundred dollars ($5000) per individual. Examples of Documented Out-of-Pocket Losses and Attested Time may include:

> Unreimbursed costs, expenses or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Data Breach. This can include Attested Time for up to six (6) hours, at thirty five dollars ($35) per hour, for time spent addressing or remedying issues related to the Data Breach, including time spent monitoring credit, resolving disputes for unauthorized transactions, freezing or unfreezing your credit, remedying a falsified tax return, etc.

To make a valid claim for Documented Out-of-Pocket Losses, you must provide documentation of these unreimbursed losses.

You do not need to provide documentation for time spent remedying issues related to the Data Breach, but you must attest under oath that you actually spent this time.

10. *What is the Pro Rata Alternative Cash Payment?*

In the alternative, every Settlement Class Member is eligible to receive a cash payment estimated to be two hundred dollars ($200) Alternative Cash Payment, regardless of whether he or she experienced any unauthorized charges or identifiable losses related to the Data Breach. Settlement Class Members seeking a pro rata Alternative Cash Payment must provide the information required on the claim form. The two hundred dollar ($200) Alternative Cash Payment is subject to upward or downward adjustment as described below in Question 11.

Eligibility for any award and the validity of your claim, including the Alternative Cash Payment, will be determined by the Claims Administrator as outlined in Question 15.

11. *When and how will the amount of Settlement payments be adjusted?*

The amounts paid for all Alternative Cash Payments will be adjusted upward or downward from the amounts listed in Question 10 depending on how many Settlement Class Members submit valid claims.

If the total dollar value of all valid claims is less than the amount of money available in the Settlement Fund for payment of those claims, the amounts for Alternative Cash Payments will be

adjusted upward proportionally among all valid claims for those awards, until the amounts remaining in the Settlement Fund are exhausted (or as nearly as possible).

If the total dollar value of all valid claims is more than the amount of money available in the Settlement Fund for payment of those claims, the amount of the payments for Alternative Cash Payments will be adjusted downward proportionally among all Settlement Class Members who submitted valid claims for Alternative Cash Payments.

12.   *What happens after all claims are processed and there are funds remaining?*

If there are any funds remaining after all valid claims are processed and the time to cash any payment checks has passed, those funds shall be distributed as directed by the Court, including potential distribution to a charitable organization. No remaining funds will be returned to Defendant.

## Your Options as a Settlement Class Member

13.   *If I am a Settlement Class Member, what options do I have?*

If you are a Settlement Class Member, you do not have to do anything to remain in the Settlement. In order to receive payment from the Settlement you must submit a valid Claim Form.

If you do not want to give up your right to sue Defendant about the Data Breach or the issues raised in this case, you must exclude yourself (or "opt out") from the Settlement Class. See Question 16 below for instructions on how to exclude yourself.

If you wish to object to the Settlement, you must remain a Settlement Class Member (*i.e.*, you may not also exclude yourself from the Settlement Class by opting out) and submit a written objection. See Question 19 below for instructions on how to submit an objection.

14.   *What happens if I do nothing?*

If you do nothing, you will get no award from this Settlement. Unless you exclude yourself, after the Settlement is granted final approval and the judgment becomes final, you will be bound by the judgment and you will never be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant related to the claims released by the Settlement.

15.   *Who decides my Settlement claim and how do they do it?*

The Claims Administrator will decide whether a claim form is complete and valid and includes all required documentation. The Claims Administrator may require additional information from any claimant. Failure to timely provide all required information will invalidate a claim and it will not be paid.

16.    *How do I exclude myself from the Settlement?*

To opt out of the Settlement you must make a signed, written request that includes (i) the name of the proceeding, (ii) your full name, current address and personal signature, and (iii) the words "Request for Exclusion" or a comparable unequivocal statement that you do not wish to participate in the Settlement. You must mail your request to this address:

<CLAIMS ADMINISTRATOR>
**[INSERT REQUEST FOR EXCLUSION MAILING ADDRESS]**

Your request must be submitted online or postmarked by **[OPT-OUT DEADLINE].**

17.    *If I exclude myself, can I receive any payment from this Settlement?*

No. If you exclude yourself, you will not be entitled to any award under the Settlement. However, you will also not be bound by any judgment in this Lawsuit.

18.    *If I do not exclude myself, can I sue Defendant for the Data Breach later?*

No. Unless you exclude yourself, you give up any right to sue Defendant for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a claim form requesting a payment.

19.    *How do I object to the Settlement?*

All Settlement Class Members who do not opt-out from the Settlement Class have the right to object to the Settlement or any part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement payments will be sent out and the Lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing and it and any supporting papers must be mailed to this address:

<CLAIMS ADMINISTRATOR>
**[INSERT OBJECTION MAILING ADDRESS]**
Your objection must be filed or postmarked no later than the objection deadline, [**INSERT OBJECTION DEADLINE**].  Class Counsel will then file your objection with the Court.

To be considered by the Court, your objection must list the name of the Lawsuit pending in the United States District Court for the Middle District of Pennsylvania: *In re: Cleveland Brothers Data Incident Litigation,* Case No. 1:23-cv-00501, and include all of the following information: (i) your full name, address, telephone number, and email address (if any), (ii) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (such as the Notice you received from Cleveland Brothers or the Notice of this

6

Settlement), (iii) a statement as to whether your objection applies only to yourself, to a specific subset of the Settlement Class, or to the entire Class, (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection you believe is applicable, (v) the identity of any counsel representing you, (vi) a statement of whether you intend to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel, (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of your objections and any documents to be presented or considered, and (viii) your signature and the signature of your duly authorized attorney or other duly authorized representative (if any).

If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

### **Court Approval of the Settlement**

*20.    How, when, and where will the Court decide whether to approve the Settlement?*

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement. That hearing is scheduled for _____, 202__ at _____ a.m./p.m. at the United States District Court for the Middle District of Pennsylvania, Sylvia H. Rambo United States Courthouse, 1501 North 6th Street, Harrisburg, PA 17102, in Department XXX. Please visit the Court's website at https://www.pamd.uscourts.gov/ for current information regarding courthouse access and court hearings. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. The Court may also consider Settlement Class Counsel's request for attorneys' fees and costs, and the request for a service award for the Representative Plaintiffs. After the hearing, the Court will decide whether to approve the Settlement.

It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check www._____.com or access the Court docket in this case, for a fee, through the Court's Public Access System at https://ecf.pamd.uscourts.gov to confirm the schedule if you wish to attend.

*21.    Do I have to attend the hearing?*

No. You do not need to attend the hearing unless you object to the settlement and wish to appear in person. It is not necessary to appear in person in order to make an objection; the Court will consider any written objections properly submitted according to the instructions in Question 19. You or your own lawyer are welcome to attend the hearing at your expense, but are not required to do so.

*22.    What happens if the Court approves the Settlement?*

If the Court approves the settlement and no appeal is taken, the Settlement Fund will be fully funded. The Claims Administrator will pay any attorney fees' and costs award and any Representative Plaintiffs' service awards from the Settlement Fund. Then, the Claims Administrator will send settlement payments to Settlement Class Members who submitted timely and valid Settlement Claims.

If any appeal is taken, it is possible the settlement could be disapproved on appeal.

*23.    What happens if the Court does not approve the Settlement?*

If the Court does not approve the Settlement, there will be no Settlement payments to Settlement Class Members, Settlement Class Counsel or the Representative Plaintiffs, and the case will proceed as if no Settlement had been attempted.

**Lawyers for the Settlement Class and Defendant**

*24.    Who represents the Settlement Class?*

The Court has appointed the following Class Counsel to represent the Settlement Class in this Lawsuit:

| Settlement Class Counsel | |
|---|---|
| Laura Grace Van Note, Esq<br>**COLE & VAN NOTE**<br>555 12th Street Suite 2100<br>Oakland, CA 94607 | David K, Lietz, Esq.<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN**<br>5335 Wisconsin Avenue NW, Suite 440<br>Washington, DC 20015 |

Settlement Class Members will not be charged for the services of Settlement Class Counsel. Settlement Class Counsel will be paid out of the Settlement Fund, subject to Court approval. However, you may hire your own attorney at your own cost to advise you in this matter or represent you in making an objection or appearing at the Final Approval Hearing.

*25.    How will the lawyers for the Settlement Class be paid?*

Settlement Class Counsel will request the Court's approval of an award for attorneys' fees up to one-third of the Settlement Fund, or one hundred fifty thousand dollars ($150,000), plus reasonable costs and expenses. Settlement Class Counsel will also request approval of a service award of two thousand five hundred dollars ($2,500) for the Representative Plaintiffs, which shall also be paid from the Settlement Fund.

*26.    Who represents Defendant in the Lawsuit?*

Defendant is represented by the following counsel:

| **Defendant's Counsel** |
|:---:|
| Jill H. Fertel, Esq.<br>Ernest F. Koschineg, Esq.<br>**CIPRIANI & WERNER**<br>450 Sentry Parkway, Suite 200<br>Blue Bell, PA 19422 |

## For Further Information

*27.    What if I want further information or have questions?*

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Class Settlement Agreement and Release available at **www._____.com**, by contacting Settlement Class Counsel at the phone number provided in response to Question 19 above, by accessing the Court docket in this case, for a fee, through the Court's Public Access system at https://www.pamd.uscourts.gov/ or by visiting The Office of the Clerk, Sylvia H. Rambo United States Courthouse, 1501 North 6th Street Harrisburg, PA 17102, between 8:30 a.m. and 5:00 p.m., Monday through Friday, excluding Court holidays.

<CLAIMS ADMINISTRATOR> will act as the Claims Administrator for the Settlement. You can contact the Claims Administrator at:

**[INSERT CONTACT INFO FOR CLAIMS ADMINISTRATOR]**

**Please do not contact the Court or Defendant's Counsel.**

# Exhibit C

<u>LEGAL NOTICE</u>

**If you received notice of a data breach discovered in November 2022, you may be entitled to benefits from a class action settlement.**

*A federal district court authorized this Notice.*

**(8XX) XXX-XXXX**
**www.URL.com**

*Cleveland Brothers Settlement Administrator*
P.O. Box XXXXX
XXXXXX

First-Class
Mail
US Postage
Paid
Permit #___

«Barcode»

Postal Service: Please do not mark barcode

«ClassMemberID»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

A $450,000 settlement has been proposed in a class action lawsuit against Cleveland Brothers Equipment Company, Inc. ("Defendant" or "Cleveland Brothers") relating to the potential unauthorized access of Personal Information to an unauthorized third party as part of a data breach, and that was discovered November 3, 2022. ("Data Breach"). Defendant denies all liability.

**Who is included?** Cleveland Brother's records indicate that you are included in the settlement. The Settlement Class includes all individuals within the United States of America whose personally identifiable information ("PII") was exposed to unauthorized third parties as a result of the data breach discovered on November 3, 2022. ("Settlement Class Members").

**What does the settlement provide?** The settlement provides Settlement Class Members with the right to claim (1) compensation for documented out-of-pocket losses (up to $5000), including compensation for Lost Time (up to 6 hours at $35 per hour) and documented Extraordinary Losses **or** (2) a pro rata Alternative Cash Payment estimated to be $200 in lieu of all other monetary benefits.

**How do I get benefits?** You must complete and submit a Claim Form by **DATE**. Claim Forms are available and may be filed online at **www.URL.com**. Claim Forms may also be printed from the website or requested by calling the Settlement Administrator and submitted by mail postmarked by **DATE**.

**What are my other options?** If you do not want to be legally bound by the settlement, you must exclude yourself by **DATE**. Unless you exclude yourself from the settlement, you will not be able to sue Cleveland Brothers or its related parties for any claim released by the Class Settlement Agreement. If you do not exclude yourself from the settlement, you may object and notify the Court that you or your lawyer intend to appear at the Court's Fairness Hearing. Objections are due **DATE**

**The Court's Fairness Hearing.** The Court will hold a Final Fairness Hearing in this case (*In re Cleveland Brothers Data Incident Litigation*. 1:23-cv-00501-JPW) on **DATE, 2024, at X:XX p.m**. at the US District Court in Scranton, Pennsylvania. At this hearing, the Court will decide whether to approve: (1) the settlement; (2) Settlement Class Counsel's request for up to $150,000 in attorneys' fees, and reimbursement of costs; and (3) $2,500 Service Awards to each Settlement Class Representative. You may appear at the hearing, but you do not have to. You also may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

*This is only a summary of the settlement. For more information, visit URL.*

# Exhibit D

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**IN RE: CLEVELAND BROTHERS DATA INCIDENT LITIGATION** | Case No. 1:23-cv-00501-JPW

### [PROPOSED] ORDER GRANTING PLAINTIFFS' <mark>UNOPPOSED</mark> MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement **(Doc. No. __)** (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs and Defendant Cleveland Brothers Equipment Company, Inc. ("Defendant" or "Cleveland Brothers")(together with Plaintiffs, the "Parties"), with accompanying exhibits attached as **Exhibit 1** to Plaintiffs' Memorandum of Law in Support of their Motion (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All individuals within the United States of America whose PII information was exposed to unauthorized third parties as a result of the data breach discovered on November 3, 2022.

Specifically excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Action, any members of the Judge's respective staffs, and immediate members of the Judge's respective families, (2) officers, directors, members and shareholders of Defendant, (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class; (4)

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

the successors and assigns of any such excluded persons, and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Breach or who pleads nolo contendere to any such charge.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.    **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs Randy Thomas, Gabrielle Thomas and Robert MacMichael will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds Laura Van Note of Cole & Van Note and David K. Lietz of Milberg

Coleman Bryson Phillips Grossman PLLC will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3.    **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4.    **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5.    **Final Approval Hearing**. A Final Approval Hearing shall be held on _____, 2024, at the William J. Nealon Federal Bldg. & U.S. Courthouse, 235 N. Washington Avenue, Scranton, PA 18503, where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the

Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for a Service Award should be approved.

6. **Settlemennt Administrator**. The Court appoints [ADMIN] as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice**. The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

8. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the

requirements of the Due Process Clause(s) of the United States and Pennsylvania Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice**. Within ten (10) days after the filing of the Preliminary Approval motion with the Court, the Settlement Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator in the manner provided in the Notice. The Request for Exclusion shall (i) state the Class Member's full name and current address and signature, and (ii) specifically state his or her desire to be excluded from the Settlement and from the Final Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the notice program commences, and as stated in the Notice.

The Settlement Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List") no later than sixteen (16) days prior to the Final Approval Hearing. Class Counsel shall file this list of Opt-

Outs with Court in conjunction with the Settlement Administrator's declaration in support of final approval, and serve the declaration with the list of opt-outs on Defendant.

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment, and shall be deemed to have waived any rights or benefits under this Settlement Agreement.. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class may not object to the settlement.

11.    **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to must mail a letter to the Settlement Administrator setting forth all of the following information in writing: (i) the objector's full name, current address, current telephone number, and be personally signed, (ii) the case name and case number, *In re: Cleveland Brothers Data Incident Litigation,* Case No. 1:23-cv-00501-JPW, currently pending in the United States District Court for the Middle District of Pennsylvania, (iii) documentation sufficient to establish membership in one of the Classes, such as a copy of the Postcard Notice he or she received, (iv) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s), (v) copies of any other documents that the objector wishes to submit in support of his/her position, (vi) whether the objecting Class Member intends to appear at the Final Approval Hearing, and (v) whether the objecting Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

Notwithstanding the foregoing, any Settlement Class Member who timely submits a written notice of objection and attends the Final Approval Hearing may so state their objection at that time, subject to the Court's approval.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Paragraph 6.2 of the Settlement Agreement be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12.    **Claims Process**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit,

but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13.    **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) otherwise consistent with the terms of the Settlement Agreement. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14.    **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15.  **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16.  **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17.  **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

**SETTLEMENT TIMELINE**

| **Grant of Preliminary Approval** | |
| --- | --- |
| Settlement Administrator provides W-9 to Cleveland Brothers | 5 days after Preliminary Approval Order |
| Cleveland Brothers provides list of Settlement Class Members to the Settlement Administrator | 10 days after Preliminary Approval |
| Settlement Administrator to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Notice Date | 30 days after Preliminary Approval. |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |

| | |
|---|---|
| Class Counsel to File All Objections With the Court | 14 days after Objection Deadline |
| Opt-Out/Exclusion Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| **Final Approval Hearing** | 120 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provide Notice of Opt-Outs and/or Objections | 16 days before Final Approval Hearing Date |
| **Final Approval** | |
| Effective Date | 31 days after Final Approval Order |
| Distributing Payments to Class Members Who Make Valid and Timely Claims | 30 days after Effective Date |
| Payment of Attorneys' Fees and Expenses Class Representative Service Award | 10 days after Effective Date |
| Settlement Website Deactivation | 180 days after Effective Date |

SO ORDERED THIS _____ DAY OF _____, 2024.


_____
Hon. Jennifer P. Wilson
United States District Court Judge