UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CLEVELAND BROTHERS DATA INCIDENT LITIGATION | Case No. Case 1:23-cv-00501-JPW |

## FINAL APPROVAL ORDER

This matter comes before the Court on Plaintiffs' Motion for Final Approval of the proposed class action Settlement with Defendant Cleveland Brothers Equipment Company, Inc. ("Defendant"). Having considered all papers filed and arguments made with respect to the Settlement, and having provisionally certified a Settlement Class, the Court hereby FINDS as follows:

1. This case is a Class Action litigation against Defendant Cleveland Brothers Equipment Company, Inc. The Class is as follows:

> [A]ll individuals within the United States of America whose personally identifiable information ("PII") was exposed to unauthorized third parties as a result of the data breach discovered on November 3, 2022.

2. Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Action, any members of the Judge's respective staffs, and immediate members of the Judge's respective families, (2) officers, directors, members and shareholders of Defendant, (3) any persons who timely and validly request exclusion from and/or opt-out of the Settlement Class, (4) the successors and

1

assigns of any such excluded persons, and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Breach or who pleads nolo contendere to any such charge.

3. On August 27, 2024, the Court held a Final Approval Hearing, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement.

4. Certification for settlement purposes of the Settlement Class, as defined by the Settlement Agreement and the Preliminary Approval Order, is appropriate pursuant to Federal Rules of Civil Procedure Rule 23(a), and (b).

5. Notice to the Settlement Class required by Fed. R. Civ. P. Rule 23(e) has been provided in accordance with the Settlement Agreement and the Preliminary Approval Order. Such Notice has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Fed. R. Civ. P. Rule 23(e) and due process.

6. The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties and is supported by the parties.

7. The Settlement, as set forth in the Settlement Agreement, is fair, reasonable, and adequate to the members of the Settlement Class, in light of the

complexity, expense, and duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

8. The relief provided in the settlement constitutes fair value given in exchange for the release of claims.

9. There were no timely objections to Settlement.

10. The parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

11. It is in the best interests of the parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party, which in any way relates to the applicability or scope of the Settlement Agreement or the Final Approval Order, should be presented exclusively to this Court for resolution.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

12. The Settlement Agreement submitted by the parties for the Settlement Class is approved pursuant to Fed. R. Civ. P. Rule 23(e) as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement shall therefore be deemed incorporated herein and the proposed Settlement is finally

approved and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

13. Judgment is hereby entered in favor of the Plaintiffs, on the terms set forth in the Settlement Agreement.

14. As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement.

15. Each Settlement Class Member is permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Released Claims against the Released Parties.

16. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this Settlement, including the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each Settlement Class Member for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part

to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all members of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

17. Upon consideration of Class Counsel's application for fees and costs, the Court awards $150,000 as reasonable Attorneys' Fees and reimbursement for litigation costs in the amount of $10,777.83, to be paid by Defendant.

18. Upon consideration of the application for individual Service Awards, Representative Plaintiffs are each awarded $2,500 ($7,500 total) to be paid by Defendant, in consideration for the service they have performed for and on behalf of the Settlement Class.

19. Upon consideration of the application for reimbursement of Costs of Claims Administration, Defendant shall reimburse the Claims Administrator $60,915.69 for its out-of-pocket expenses in the administration of the settlement.

20. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and hereby directs the Clerk to enter final judgment forthwith.

**IT IS SO ORDERED.**

Date: 8/27/24

s/Jennifer P. Wilson
The Hon. Jennifer P. Wilson
United States District Court Judge